IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFF DIFIORE | ) | Case No: |
| 1013 Belwood | | |
| Highland Heights, OH 44232 | ) | |
| | | |
|   Plaintiff, | ) | |
| | | |
| | ) | JUDGE: |
| -vs- | | |
| | ) | |
| | | |
| CITY OF LYNDHURST, OHIO | ) | |
| 5301 Mayfield Rd. | | |
| Lyndhurst, OH 44124 | ) | |
| | | |
| and | ) | |
| | | |
| PATRICK WARD | ) | |
| In his official and individual | | **COMPLAINT WITH** |
| capacities, | ) | **JURY DEMAND** |
| 5301 Mayfield Rd. | | |
| Lyndhurst, OH 44124 | ) | |
| | | |
| and | ) | |
| | | |
| JOHN MAICHLE | ) | |
| In his official and individual | | |
| capacities | ) | |
| 5301 Mayfield Rd. | | |
| Lyndhurst, OH 44124 | ) | |
| | | |
|   Defendants. | | |

## INTRODUCTION

1. This is an action brought pursuant to 42 U.S.C. Section 1983 for declaratory judgment, permanent injunction, actual and nominal damages, and other relief arising from the unconstitutional policies, practices and threats of defendants City of Lyndhurst and the individual defendants. Defendants' policies, practices and conduct threaten plaintiff with irreparable harm to his rights under the Fourth and Fourteenth Amendments to the United States Constitution. The harm may only be remedied by a ruling from this Court.

2. Defendants have impeded and threaten to further unconstitutionally impede plaintiff in his right to be free from unlimited warrantless searches without probable cause by maintaining, implementing and enforcing vague policies that (i) threaten plaintiff with being subjected to unduly broad warrantless searches of his properties without probable cause; (ii) violates plaintiff's reasonable expectation of privacy; and (iii) retaliate against plaintiff for exercising his Fourth Amendment rights by either (a) pressing criminal charges against him, or (b) depriving him of his property rights, including but not limited to the right to sell or rent his house to others without incurring criminal penalties.

3. As a result of the policies, practices and customs of defendants, as well

as certain conduct by one or more defendants, plaintiff has suffered and will suffer irreparable harm unless the defendants are enjoined from restricting his Fourth Amendment rights in this manner.

4. For the reasons above, plaintiff seeks, amongst other things, declaratory judgment and injunctive relief determining that the offending provisions empowering the City to search a resident's home without a warrant and without probable cause are unconstitutional on their face and as applied to plaintiff, and further, that the annual inspection plan is insufficient to support the issuance of a warrant.

## PARTIES

5. The plaintiff is the owner of residential apartment and condominium units in Lyndhurst, Ohio. Plaintiff owns six (6) condominium units and one single-family house in Lyndhurst (plaintiff sold another single-family home in 2018). Plaintiff resides in Highland Heights, Ohio, in Cuyahoga County, within the Northern District of Ohio.

6. Defendant CITY OF LYNDHURST, OHIO was at all relevant times a governmental entity located in Cuyahoga County within the Northern District of Ohio, charged with enforcing the laws of the United States, the state of Ohio and

Lyndhurst, Ohio, including the United States Constitution, all state statutes, interpretations of those statutes, and the laws and procedures governing enforcing the City's housing and building codes and charging citizens with crimes. Defendant City of Lyndhurst, Ohio is also responsible for training all of its employees on all methods and procedures for carrying out their duties in a manner that is consistent with the United States Constitution and all federal and state statutes and laws.

7. Defendant PATRICK WARD was at all relevant times a full-time employee of defendant City of Lyndhurst, Ohio, serving in the capacity of mayor. In that capacity, he is responsible for the implementation of all official governmental laws, policies, regulations and procedures as they relate to his duties as a mayor of the City of Lyndhurst, Ohio. At all relevant times, defendant Ward was acting within the course and scope of his employment and under color of law. Defendant Ward is sued in his official and individual capacities.

8. Defendant JOHN MAICHLE was at all relevant times a full-time employee of defendant City of Lyndhurst, Ohio, serving in the capacity of building commissioner. In that capacity, he is responsible for the implementation of all official governmental laws, policies, regulations and procedures as they relate to his duties as building commissioner, including implementation and

enforcement of all laws, policies, regulations and procedures of the City of Lyndhurst Building Department. At all relevant times, defendant Maichle was acting within the course and scope of his employment and under color of law. Defendant Maichle is sued in his official and individual capacities.

## JURISDICTION AND VENUE

9. Jurisdiction is invoked pursuant to 28 U.S.C. Sections 1331 and 1343(a)(3) and (4). Claims are asserted pursuant to Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. Sections 1983 and 1988, 28 U.S.C. Section 2201(a) and 2202. Supplemental state claims are asserted pursuant to 28 U.S.C. Section 1367 and state common law. Venue is proper pursuant to 28 U.S.C. Section 1391(b) because the defendants are located within the jurisdiction of the Northern District of Ohio and the conduct complained of occurred with the Northern District of Ohio.

## FACTS

10. Plaintiff is the owner of a residential property located at 5832 Tiffany Dr., Lyndhurst, Ohio. He rents the unit in question to a tenant.

11. Plaintiff also owns five other condominium units in Lyndhurst and one

other single-family house. He owned another single-family house in Lyndhurst, but sold it in 2018.

12. The City of Lyndhurst has several ordinances that are relevant to this lawsuit.

13. The ordinances in question state:

> Lyndhurst Codified Ordinance 1388.02(a):
>
> 1388.02 RENTAL REGISTRATION
> (a) Each owner of a rental unit within the City shall register each such rental unit with the designated City official before May 1, 2007, and shall renew such registration annually on the date prescribed by the designated City official pursuant to section 1388.03(a) and the provisions of this section regarding registration fees. A separate registration shall be required for each rental unit.
>
> Lyndhurst Codified Ordinance 1388.04(a)(1):
>
> 1388.04 INSPECTION
> (a) The designated City official may inspect a rental unit to determine compliance with applicable state and local laws either:
> (1) On an annual or periodic basis....
>
> \*\*\*\*\*\*\*\*\*\*\*
> 1388.04(b)
> The City is authorized to obtain a search warrant to conduct an inspection permitted by this section when probable cause to believe that a fire or health hazard or violation or unsafe building condition is present on the

premises sought to be inspected. A search warrant is not authorized based solely upon the failure of an owner to allow an inspection under this section.

14. Lyndhurst Codified Ordinance 1383.99 makes violations of the registration and inspection ordinances first degree misdemeanors, with each day of non-compliance with each section of the ordinance a separate violation.

15. Pursuant to the registration ordinance requirement, plaintiff has been paying registration fees since at least 2014 on his rental properties.

16. During the fall of 2018, the City of Lyndhurst sent plaintiff several notices informing him that he must register his Tiffany Drive property with the City of Lyndhurst Building Department and he must call the Building De;artment to schedule an appointment to have the interior of the premises inspected by a Building Inspector. The notices did not allege that plaintiff's property was in violation of a Building Code or that there had been any complaints about his property.

17. Toward the end of October, 2018, plaintiff received an undated letter from the City of Lyndhurst, stamped "Final Notice," which informed plaintiff that he had until November 27, 2018 to register the unit and pay a $100 registration fee, and that by that same date he was "required to call and schedule a rental

inspection with the Lyndhurst Building Department."

18. According to the notice, failure to comply "may result in the issuance of a summons without further notice and shall require a court appearance." The letter was on the letterhead of the Lyndhurst Building Department, with John Maichle listed as Building Commissioner, and the letter was signed by a secretary in the Building Department.

19. On or about January 6, 2019, plaintiff received a document entitled, "Original Complaint, Warning Only," dated January 2, 2019. The document, signed by defendant Maichle, indicated that plaintiff had committed a violation in that he "failed to schedule rental inspection." The document listed a compliance date of January 11, 2019 and stated: "Failure to comply to the above by compliance date will result in the issuance of a summons without further notice and will require a court appearance."

20. On or about January 7, 2019, plaintiff e-mailed several city officials, including defendants Ward and Maichle, informing them that any such charges based on his failure to schedule an inspection would amount to a violation of his constitutional rights, citing several court cases in which similar ordinances had been found to be unconstitutional, and that he did not consent to an inspection of his property.

21. On January 7, 2019, defendant Ward responded to plaintiff by telling him that the ordinances in question would be enforced and that he expected compliance with the ordinances.

22. On or about January 14, 2019, plaintiff was cited for violations of Lyndhurst Codified Ordinances 1388.02 and 1388.04 for failing to register and failing to schedule an inspection, each of which is a first degree misdemeanor.

23. By information and belief, the City never sought a search warrant, nor did the City ever have probable cause to believe that a fire or health hazard or violation or unsafe building condition was present on the premises sought to be inspected.

24. No tenant or neighbor of plaintiff's properties has ever complained to the City of Lyndhurst regarding code violations or other nuisances at any of his properties. No conditions at plaintiff's properties would give rise to the need for an emergency entry into those properties or vest the City with probable cause to believe that any interior code violations or other nuisances exist.

25. Plaintiff has never been prosecuted or fined by the City of Lyndhurst for maintaining interior code violations or other nuisances.

26. No inspection of any property belonging to plaintiff has resulted in the observation of any significant threats to public health or safety.

27. Plaintiff has not voluntarily consented to any of the inspections or payment of any registration fees, although he has permitted one property inspection and has paid several registration fees. In fact, plaintiff has protested the imposition of any and all orders of inspection and payment of registration fees.

28. Each inspection and payment of registration fees was coerced through the implied, and in some cases, overt threat of loss of property or liberty, and plaintiff continues to be coerced into providing involuntary consent to such registrations and the threat of future demands for inspections.

29. Despite the lack of probable cause and the lack of a search warrant, defendant City of Lyndhurst charged plaintiff with two criminal violations for failure to register and failure to schedule and allow an inspection.

30. Lyndhurst Codified Ordinance 1383.99 makes violations such as the ones with which plaintiff was charged first degree misdemeanors, and while plaintiff was only charged with one violation of the registration ordinance and one violation of the inspection ordinance, 1383.99 makes each day of non-compliance with each section of the ordinance a separate violation.

31. On April 8, 2019, defendant City of Lyndhurst dismissed the criminal charges against plaintiff.

32. The two ordinances in question, the registration ordinance and the

inspection ordinance, are unconstitutional on their face and as applied to plaintiff. As to the registration ordinance, the City is being unjustly enriched by its unconstitutional collection of inspection fees without any explanation as to the necessity or reasonableness of those fees and the fees constitute an unvoted and unreasonable tax.

33. As to the inspection ordinance, any warrantless searches conducted pursuant to this ordinance are coercive, rendering consent to inspection impossible due to the threat and imposition of criminal penalties for failure to comply, in violation of the Fourth Amendment's right to be free from unreasonable searches. Plaintiff was forced to open the doors of his private property to City building inspectors under threat of criminal penalty, and when he refused to consent, he was charged with crimes, in violation of the Fourth Amendment.

34. Plaintiff has suffered and continues to suffer harm in that if he does not consent to a warrantless search of his properties upon demand, he is faced with the threat of (1) further criminal charges, possible incarceration and fines; and/or (2) the inability to inhabit or market his properties and/or convey them as habitable.

35. Plaintiff has suffered and continues to suffer harm in that if he does not consent to, and pay unconstitutional taxes, i.e., the registration fees, then he is faced with (1) criminal charges, possible incarceration and fines; and/or (2) the

inability to inhabit or market his properties and/or convey them as habitable.

36. To the extent plaintiff has complied with inspections and/or paid registration fees, he has done so only to avoid criminal liability and to preserve the right to market and rent his properties due to the City of Lyndhurst's coercive and unconstitutional ordinances. He has not voluntarily consented to the payment of any registration fees or the searches of any of his properties.

## COUNT I

### Declaratory Judgment

37. Plaintiff reasserts the foregoing as if fully rewritten herein.

38. An actual controversy has arisen and now exists between plaintiff and defendants concerning plaintiff's rights under the United States Constitution. A judicial declaration is necessary and appropriate at this time.

39. A state actor is liable under 42 U.S.C. Section 1983 if it took "action pursuant to official policy of some nature [that] caused a constitutional tort."

40. "[Governmental] liability may be imposed for a single decision by 'government' policy makers under appropriate circumstances," pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658,480 (1978).

41. Plaintiff seeks a judicial determination of his rights against defendants

as they pertain to plaintiff's right to be free from unlawful searches, coerced surrender of property rights and/or privileges and vague and onerous registration requirements and fees.

42. In order to prevent violation of plaintiff's constitutional rights by defendants, it is appropriate and proper that a declaratory judgement be issued, pursuant to 28 U.S.C. Section 2201 and Fed.R.Civ. P. 57, declaring unconstitutional, facially and as-applied to plaintiff, all relevant portions of the City of Lyndhurst inspection and registration requirements, as well as defendants' enforcement policies, practices and actions related to those requirements.

43. Furthermore, pursuant to 28 U.S.C. Section 2202 and Fed.R.Civ.P. 65, it is appropriate and hereby requested that this Court issue a permanent injunction prohibiting the defendants from enforcing their inspection and registration policies and all polices, practices and conduct reliant on and related to the inspection and registration ordinances, including but not limited to the registration fees and the inspection requirement process, to the extent they are unconstitutional, in order to prevent the ongoing violation of plaintiff's constitutional rights.

## COUNT II

Due Process, Unreasonable Search Pursuant to Fourth and Fourteenth

<u>Amendments</u>

<u>42 U.S.C. Section 1983</u>

44. Plaintiff incorporates by reference all of the foregoing paragraphs as if fully rewritten herein.

45. The actions of all defendants, in requiring plaintiff to register each of his properties annually and to pay an annual registration fee, and in requiring a warrantless inspection without probable cause, all under penalty of criminal prosecution, and in actually charging and prosecuting plaintiff for his refusal to allow a warrantless inspection of his property, and in enforcing ordinances which are unconstitutional, both facially and as applied to plaintiff, constitute violations of plaintiff's right to due process and his right to be free from unreasonable search and seizure, pursuant to the Fourth and Fourteenth Amendments to the U.S. Constitution under 42 U.S.C. Section 1983.

46. As a direct result of the actions and conduct of the defendants, plaintiff suffered and continues to suffer loss of his precious constitutional rights, the threat of the loss of his liberty and use of his property, monetary damages and emotional distress.

<u>COUNT III</u>

### Policies and Procedures

### 42 U.S.C Section 1983

47. Plaintiff reasserts the foregoing as if fully rewritten herein.

48. The actions and inactions of defendant City of Lyndhurst, in promulgating, enforcing and threatening to enforce unconstitutional ordinances, and other policies and procedures enumerated above, constitute violations of the obligations of defendant City of Lyndhurst to maintain lawful policies, practices and procedures pursuant to <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658 (1978).

49. As a direct result of the actions and conduct of the defendant, plaintiff suffered and continues to suffer loss of his precious constitutional rights, threatened loss of his liberty and property rights, monetary damages and emotional distress.

### COUNT IV

### Unjust Enrichment and Restitution

50. Plaintiff reasserts the foregoing as if fully rewritten herein.

51. Defendant City of Lyndhurst has acquired and/or is in possession of funds that it is not entitled to retain, including at minimum, registration fees paid

to it by plaintiff.

52. Defendant City of Lyndhurst has acquired these funds to fund unconstitutional searches of plaintiff's properties.

53. In the alternative, these funds constitute unlawful taxes.

54. These funds rightfully belong to plaintiff.

55. The acquiring and maintaining of these wrongfully-obtained funds constitute unjust enrichment by defendant City of Lyndhurst and plaintiff is entitled to restitution of these funds.

56. As a direct result of defendant City of Lyndhurst's unlawful obtaining and maintaining of these funds from unlawful registration and inspection fees, plaintiff has suffered and continues to suffer monetary damages.

## COUNT V

### Interference with a Business Relationship/Intentional Infliction of Emotional Distress

57. The actions of the individual defendants, in enforcing unconstitutional ordinances, including but not limited to requiring plaintiff to pay unconstitutional registration fees and contributing to the process which led to plaintiff being charged with criminal offenses, constitute interference with a business relationship

and intentional infliction of emotional distress in violation of the common law of the state of Ohio.

58. As a direct result of the actions and conduct of the defendants, plaintiff suffered and continues to suffer monetary damages and emotional distress.

WHEREFORE, plaintiff asks that this Court order the following relief:

A) Declare that the acts and conduct of all defendants constitute violations of plaintiff's constitutional and/or common law rights;

B) Declare that the inspection and registration ordinances are unconstitutional, on their face and as applied to plaintiff;

C) Permanently enjoin defendant City of Lyndhurst, its agents, officials and employees, from enforcing the inspection and registration ordinances;

D) Grant to the plaintiff and against all defendants, jointly and severally, appropriate compensatory damages;

E) Grant to the plaintiff and against the individual defendants, appropriate punitive damages;

F) Grant to the plaintiff and against all defendants appropriate attorneys' fees and costs;

G) Grant to the plaintiff and against all defendants

whatever other relief the Court deems appropriate.

>Respectfully submitted,
>
>/s/Kenneth D. Myers
>KENNETH D. MYERS [0053655]
>6100 Oak Tree Blvd., Suite 200
>Cleveland, OH 44131
>(216) 241-3900
>(440) 498-8239   Fax
>kdmy@aol.com
>
>Counsel for plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

>/s/Kenneth D. Myers
>KENNETH D. MYERS
>
>Counsel for plaintiff