IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEFF DIFIORE,<br><br>   Plaintiff,<br><br> -vs-<br><br>CITY OF LYNDHURST, OHIO, *et al.*,<br><br>   Defendants. | CASE NO. 1:19-CV-02446<br><br>JUDGE SOLOMON OLIVER, JR.<br><br>**DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**Jury Demand Endorsed Hereon** |

Defendants City of Lyndhurst, Ohio; Patrick Ward, in his official and individual capacities; and John Maichle, in his official and individual capacities (collectively, "Lyndhurst Defendants"), by and through their undersigned counsel, for their response to the Complaint filed by Plaintiff Jeff Difiore ("Plaintiff"), using the same paragraph numbering as the Complaint, state and aver as follows:

## INTRODUCTION

1. Lyndhurst Defendants deny the allegations contained in the first sentence of paragraph 1 of the Complaint for want of knowledge, and deny the remaining allegations contained in paragraph 1 of the Complaint outright.

2. Lyndhurst Defendants deny the allegations contained in paragraph 2 of the Complaint.

{03035353 -2}

3. Lyndhurst Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. Lyndhurst Defendants deny the allegations contained in paragraph 4 of the Complaint outright and/or for want of knowledge.

## PARTIES

5. Lyndhurst Defendants deny the allegations contained in paragraph 5 of the Complaint for want of knowledge.

6. Lyndhurst Defendants admit that the City of Lyndhurst, Ohio is a governmental entity located in Cuyahoga County within the Northern District of Ohio. The remaining allegations contained in paragraph 6 of the Complaint contain legal conclusions to which no response is required. In an abundance of caution, Lyndhurst Defendants state that any laws applicable to the City of Lyndhurst, Ohio are the best evidence of their contents, and deny the remaining allegations contained in paragraph 6 of the Complaint for want of knowledge.

7. Lyndhurst Defendants admit that Patrick Ward is the Mayor of the City of Lyndhurst, Ohio and has served in that position since January 1, 2016. Lyndhurst Defendants further admit that Patrick Ward, in executing his duties as Mayor, acted within the course and scope of his employment with the City of Lyndhurst, Ohio. Lyndhurst Defendants deny the last sentence of paragraph 7 of the Complaint for want of knowledge. The remaining allegations contained in paragraph 7 of the Complaint contain legal conclusions to which no response is required. In an abundance of caution, Lyndhurst Defendants state that any duties and laws applicable to Patrick Ward in his capacity as Mayor speak for themselves, and deny the remaining allegations contained in paragraph 7 of the Complaint for want of knowledge.

8. Lyndhurst Defendants admit that John Maichle is the Building Commissioner for the City of Lyndhurst, Ohio and has served in that position since January 1, 2016. Lyndhurst Defendants further admit that John Maichle, in executing his duties as the Building Commissioner, acted within the course and scope of his employment with the City of Lyndhurst, Ohio.  Lyndhurst Defendants deny the last sentence of paragraph 8 of the Complaint for want of knowledge. The remaining allegations contained in paragraph 8 of the Complaint contain legal conclusions to which no response is required. In an abundance of caution, Lyndhurst Defendants state that any duties and laws applicable to John Maichle in his capacity as Building Commissioner speak for themselves, and deny the remaining allegations contained in paragraph 8 of the Complaint for want of knowledge.

## JURISDICTION AND VENUE

9. Lyndhurst Defendants deny the allegations contained in paragraph 9 of the Complaint for want of knowledge.

## FACTS

10. Lyndhurst Defendants deny the allegations contained in paragraph 10 of the Complaint for want of knowledge.

11. Lyndhurst Defendants deny the allegations contained in paragraph 11 of the Complaint for want of knowledge.

12. Lyndhurst Defendants admit the existence of the Lyndhurst Codified Ordinances and state that such Ordinances are the best evidence of their contents. Lyndhurst Defendants deny the remaining allegations contained in paragraph 12 of the Complaint for want of knowledge and/or as stated, as such allegations do not contain any reference to time period.

13. Lyndhurst Defendants state that the Lyndhurst Codified Ordinances are the best evidence of their contents. Lyndhurst Defendants deny the remaining allegations contained in paragraph 13 of the Complaint for want of knowledge and/or as stated, as such allegations do not contain any reference to time period.

14. Lyndhurst Defendants state that the Lyndhurst Codified Ordinances are the best evidence of their contents. Lyndhurst Defendants deny the remaining allegations contained in paragraph 14 of the Complaint for want of knowledge and/or as stated, as such allegations do not contain any reference to time period.

15. Lyndhurst Defendants deny the allegations contained in paragraph 15 of the Complaint for want of knowledge.

16. Lyndhurst Defendants admit that notices were sent to Plaintiff in or about 2018 and state that any notices are the best evidence of their contents. Lyndhurst Defendants deny the remaining allegations contained in paragraph 16 of the Complaint.

17. Lyndhurst Defendants admit that a letter was sent to Plaintiff in or about 2018 and state that the letter is the best evidence of its contents. Lyndhurst Defendants deny the remaining allegations contained in paragraph 17 of the Complaint.

18. Lyndhurst Defendants admit that a letter was sent to Plaintiff in or about 2018 and state that the letter is the best evidence of its contents. Lyndhurst Defendants deny the remaining allegations contained in paragraph 18 of the Complaint.

19. Lyndhurst Defendants admit that a document was sent to Plaintiff in or about late 2018/early 2019 and state that the document is the best evidence of its contents. Lyndhurst Defendants deny the remaining allegations contained in paragraph 19 of the Complaint.

20. Lyndhurst Defendants admit that Plaintiff sent an e-mail in or about January 2019 to individuals at the City of Lyndhurst, Ohio and state that the e-mail is the best evidence of its contents. Lyndhurst Defendants deny the remaining allegations contained in paragraph 20 of the Complaint.

21. Lyndhurst Defendants admit that Patrick Ward sent a communication to Plaintiff on or about January 2019 and state that the communication is the best evidence of its contents. Lyndhurst Defendants deny the remaining allegations contained in paragraph 21 of the Complaint.

22. Lyndhurst Defendants admit that Plaintiff was cited for violations of Lyndhurst Codified Ordinances 1388.02 and 1388.04 in or about January 2019 and state that the Ordinances are the best evidence of their contents Lyndhurst Defendants deny the remaining allegations contained in paragraph 22 of the Complaint.

23. Lyndhurst Defendants deny the allegations contained in paragraph 23 of the Complaint outright and/or as stated.

24. Lyndhurst Defendants deny the allegations contained in paragraph 24 of the Complaint for want of knowledge.

25. Lyndhurst Defendants deny the allegations contained in paragraph 25 of the Complaint for want of knowledge.

26. Lyndhurst Defendants deny the allegations contained in paragraph 26 of the Complaint for want of knowledge and/or as stated.

27. Lyndhurst Defendants deny the allegations contained in paragraph 27 of the Complaint for want of knowledge and/or as stated.

28. Lyndhurst Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Lyndhurst Defendants admit that Plaintiff was cited for violations of Lyndhurst Codified Ordinances 1388.02 and 1388.04 in or about January 2019 and state that the Ordinances are the best evidence of their contents. Lyndhurst Defendants deny the remaining allegations contained in paragraph 29 of the Complaint.

30. Lyndhurst Defendants state that Lyndhurst Codified Ordinance 1383.99 is the best evidence of its contents. Lyndhurst Defendants deny the remaining allegations contained in paragraph 30 of the Complaint.

31. Lyndhurst Defendants admit the allegations contained in paragraph 31 of the Complaint.

32. Lyndhurst Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Lyndhurst Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Lyndhurst Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Lyndhurst Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Lyndhurst Defendants deny the allegations contained in paragraph 36 of the Complaint outright and/or for want of knowledge.

## COUNT I
### Declaratory Judgment

37. Lyndhurst Defendants incorporate all of the admissions, denials and averments set forth in paragraphs 1 through 36 of this Answer as if fully rewritten herein.

38. Lyndhurst Defendants deny the allegations contained in paragraph 38 of the Complaint outright and/or for want of knowledge.

39. Lyndhurst Defendants state that 42 U.S.C. § 1983 is the best evidence of its contents. Lyndhurst Defendants deny the remaining allegations contained in paragraph 39 of the Complaint.

40. Lyndhurst Defendants state that the decision of *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), is the best evidence of its contents. Lyndhurst Defendants deny the remaining allegations contained in paragraph 40 of the Complaint.

41. Lyndhurst Defendants deny the allegations contained in paragraph 41 of the Complaint for want of knowledge.

42. Lyndhurst Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Lyndhurst Defendants deny the allegations contained in paragraph 43 of the Complaint.

## COUNT II
### Due Process, Unreasonable Search Pursuant to Fourth and Fourteenth Amendments
### 42 U.S.C. Section 1983

44. Lyndhurst Defendants incorporate all of the admissions, denials and averments set forth in paragraphs 1 through 43 of this Answer as if fully rewritten herein.

45. Lyndhurst Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Lyndhurst Defendants deny the allegations contained in paragraph 46 of the Complaint.

## COUNT III
### Policies and Procedures
### 42 U.S.C. Section 1983

47. Lyndhurst Defendants incorporate all of the admissions, denials and averments set forth in paragraphs 1 through 46 of this Answer as if fully rewritten herein.

48. Lyndhurst Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Lyndhurst Defendants deny the allegations contained in paragraph 49 of the Complaint.

## COUNT IV
### Unjust Enrichment and Restitution

50. Lyndhurst Defendants incorporate all of the admissions, denials and averments set forth in paragraphs 1 through 49 of this Answer as if fully rewritten herein.

51. Lyndhurst Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Lyndhurst Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Lyndhurst Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Lyndhurst Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Lyndhurst Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Lyndhurst Defendants deny the allegations contained in paragraph 56 of the Complaint.

## COUNT V
**Interference with a Business Relationship/Intentional Infliction of Emotional Distress**

57. Lyndhurst Defendants incorporate all of the admissions, denials and averments set forth in paragraphs 1 through 56 of this Answer as if fully rewritten herein.

58. Lyndhurst Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Lyndhurst Defendants deny the allegations of the Prayer for Relief of the unnumbered paragraph following Paragraph 58 of the Complaint.

60. Lyndhurst Defendants deny each and every allegation, paragraph, subpart, or Count of the Complaint not expressly admitted herein to be true, and further deny that Plaintiff is entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, as Plaintiff has not suffered any damage.

3. Plaintiff's claims are barred, in whole or in part, as Plaintiff has failed to mitigate his damages, if any there be.

4. Plaintiff's claims are barred, in whole or in part, as Plaintiff has waived, consented, and/or acquiesced to the matters set forth in the Complaint.

5. Plaintiff's Complaint is barred by the doctrines of absolute and qualified immunity under Ohio and Federal laws.

6. Plaintiff's claims are barred, in whole or in part, due to mootness.

7. Plaintiff's claims are barred by the doctrines of laches and or unclean hands.

8. Lyndhurst Defendants reserve the right to add additional affirmative defenses as discovery so warrants.

WHEREFORE, having fully answered the Complaint, Lyndhurst Defendants pray as follows:

A. That the Complaint be dismissed with prejudice;

B. That the Court enter judgment in favor of Lyndhurst Defendants on all counts pled against them;

C. That Lyndhurst Defendants be permitted to recover their costs, fees, expenses, attorney fees, and any other relief that is just and appropriate; and

D. That Lyndhurst Defendants be awarded any and all relief that is just and equitable.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Lyndhurst Defendants demand a trial by jury of this action consisting of the maximum number of jurors permitted by law.

Respectfully submitted,

/s/ Darrell A. Clay
Darrell A. Clay (Reg. No. 0067598)
    Email: dclay@walterhav.com
    Direct Dial: 216.928.2896
Jamie A. Price (Reg. No. 0084178)
    Email: jprice@walterhav.com
    Direct Dial: 216.928.2931

WALTER | HAVERFIELD LLP
The Tower at Erieview
1301 E. Ninth Street, Suite 3500
Cleveland, OH 44114-1821
216.781.1212 / Fax: 216.575.0911

*Attorneys for the Lyndhurst Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 20th day of December, 2019, a copy of the foregoing was served electronically on all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Darrell A. Clay
Darrell A. Clay